UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CORINTHIAN LOYLESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-CV-239 |
| v. | ) | *Collier / Lee* |
| | ) | |
| VANDER OLIVEIRA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the pro se motion of Defendant Vander Oliveira for the appointment of counsel and for a 30 to 45 day continuance of the hearing on damages currently set for June 24, 2010 [Doc. 17]. Defendant Vander Oliveira seeks appointed counsel allegedly because he cannot afford a lawyer, and if counsel is not appointed for him, he states he will need time to prepare for the hearing. Plaintiff has filed a response opposing the motion [Doc. 18].

A default judgment was entered against all Defendants, but because Plaintiff did not seek a sum certain for recovery, the matter was referred to the undersigned for a determination of the amount of damages. An evidentiary hearing was originally scheduled for May 10, 2010, but it was cancelled at the request of Plaintiff and Defendant Vander Oliveira. Plaintiff and Defendant Vander Oliveira submitted a stipulation as to the damages owed to Plaintiff, and Defendant Vander Oliveira represented he intended to enter into a payment plan with Plaintiff in order to satisfy that judgment. The stipulation, however, did not apportion the damages between the Defendants, and it was signed only by Plaintiff and Defendant Vander Oliveira, not Defendants Jane Oliveira and Stephen Oliveira. Consequently, the Court reset the hearing on damages for June 24, 2010.

The right to counsel in civil cases is "highly circumscribed." *Lariscey v. United States*, 861

F.2d 1267, 1270 (Fed. Cir. 1988). There is a strong presumption that there is no right to counsel unless the litigant may lose his or her freedom if the action is lost. *Id.* (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981)). Thus, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)). Among the factors considered in determining whether "exceptional circumstances" exist are:

> (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present his case, and (5) the complexity of the legal issues presented.

*Williams v. Armstrong*, No. 1:06CV168, 2006 WL 2349964, *1 (W.D. Mich. Jul. 26, 2006). Having considered these factors, Defendant Vander Oliveira's motion for appointment of counsel [Doc. 17] is **DENIED**. The sole remaining issue in this case--the amount of damages--is not a complex one; the merits of Plaintiff's claims have already been adjudicated by Defendants' default. In addition, Defendants, who were responsible for paying Plaintiff's wages, should have access to the facts necessary to determine damages with or without counsel.

Defendant Vander Oliveira's motion for a continuance [Doc. 17] is **GRANTED IN PART**. It does not appear that Plaintiff will suffer any significant prejudice from allowing Defendant time to prepare for the damages hearing. On the other hand, given Plaintiff's recitation of the history of this case, I do not find a 30 to 45 day continuance, as requested by Plaintiff, to be warranted. The hearing, currently set for June 24, 2010, is hereby **RESCHEDULED**. The hearing on damages will be held on **Friday, July 9, at 10:30 a.m. (EASTERN)**, at U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee, before the Honorable U.S. Magistrate Susan K. Lee. To aid Defendant's

preparation for the hearing, the Court notes that the only issue to be determined at the July 9 hearing will be the *amount* of damages owed to Plaintiff by Defendants.

SO ORDERED.

ENTER:

                                                     s/*Susan K. Lee*
                                                   SUSAN K. LEE
                                                   UNITED STATES MAGISTRATE JUDGE