UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CORINTHIAN LOYLESS, ) | |
| ) | |
| Plaintiff, ) | No. 1:09-CV-239 |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| VANDER OLIVEIRA d/b/a ANGELO'S ) | |
| STEAK HOUSE, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the Court is Defendant Vander Oliveira's *pro se* motion (Court File No. 15), which has been construed by the Court as one to set aside default judgment.[1] Defendant Vander Oliveira also filed a memorandum to support this motion (Court File No. 22). Defendant Stephen Oliveira also filed a motion to set aside default judgment (Court File No. 21). This Court previously granted Plaintiff Corinthian Loyless's ("Plaintiff") motion for default judgment against Vander Oliveira d/b/a Angelo's Steakhouse ("Vander"), Jane Oliveira d/b/a Angelo's Steakhouse ("Jane"), and Stephen Oliveira ("Stephen") (collectively, "Defendants") (Court File No. 10). Defendant Vander Oliveira also filed a motion to continue his damages hearing (Court File No. 17) to which Plaintiff responded (Court File No. 18).[2] After carefully considering the parties' respective filings, the Court

---

[1] The motion is titled "Response to Complaint" and also requests appointment of an attorney, submits evidence of Vander's financial difficulties, cites his business problems as accounting for his delay in response, and contests factual issues.

[2] This motion has been decided by the magistrate judge (Court File No. 19) but the Court took into consideration the parties' allegations in these filings in resolving the current motion.

concludes the case should proceed on the merits and will **GRANT** Defendants Stephen and Vander Oliveira's motions to set aside its previous order (Court File Nos. 15, 21). However, the Court finds the defendants have had more than ample time to respond to Plaintiff's complaint and will require the defendants to file an answer within seven (7) days from entry of the accompanying order.

I.    **RELEVANT FACTS AND PROCEDURAL HISTORY**

This action arises out of alleged wage and overtime violations during Plaintiff's employment with the defendants. Plaintiff also filed a wrongful termination/retaliation claim alleging he was terminated for reporting these violations. As alleged in the complaint, Vander and Jane are both individuals who also do business as Angelo's Steak House (Court File No. 1 ("Complaint") at ¶¶ 5, 6) and Defendant Stephen Oliveira was a manager of Angelo's Steak House (*id*. at 7). During his period of employment from April 2007 until October 2008, Plaintiff claims he failed to receive overtime compensation, despite routinely working in excess of 40 hours per week, and the restaurant's tip-sharing policy often resulted in his earning less than minimum wage. Plaintiff claims he was fired based on his objection to this tip sharing and his termination was thus in violation of 29 U.S.C. § 215(a)(3) and Tenn Code Ann. § 50-1-304.

Plaintiff's complaint was filed September 9, 2009 (Court File No. 1) and Defendants were properly served the same day (Court File Nos. 4-6). Defendants failed to respond, neither filing an answer nor a responsive motion, as required pursuant to Federal Rule of Civil Procedure 12 and Eastern District of Tennessee Local Rule 7.1(a)(2). Plaintiff subsequently filed a motion for entry of default, which was granted by the clerk of court on February 5, 2010 (Court File Nos. 7, 8). On March 12, 2010, Plaintiff moved for default judgment (Court File No. 9) and none of the defendants

responded. The Court granted Plaintiff's motion on April 19, 2010 (Court File No. 10) pursuant to Federal Rule of Civil Procedure 55 as the defendants had failed to plead or otherwise defend.

The Court referred this matter to United States Magistrate Judge Susan K. Lee to conduct a hearing on damages. The hearing was originally scheduled for May 10, 2010 (Court File No. 11), but due to scheduling conflicts with Plaintiff's counsel was moved to May 24, 2010. Prior to the hearing, a stipulation of damages was filed with the Court signed by Plaintiff and Defendant Vander (Court File No. 14). Per the magistrate judge's order, the hearing was again rescheduled for June 24, 2010, and parties were advised the stipulation did not bind all of the defendants (Court File No. 16).

Two days after filing a stipulation of damages, Defendant Vander filed the instant motion, appearing to respond to the complaint and ask the Court to set aside default judgment. Defendant contests factual issues surrounding Plaintiff's claims. In addition, Vander has filed a motion to continue the hearing scheduled for June 24, 2010, to allow him time to obtain counsel, asking the Court to appoint him counsel, and attempts to explain why the other defendants failed to sign the stipulation (Court File No. 17). The magistrate judge's order (Court File No. 19) denied Plaintiff's request for appointment of counsel but granted a continuance, moving the damages hearing to July 9, 2010. Defendant Stephen filed his motion to set aside default on July 2, 2010 (Court File No. 21).

The Court must now determine whether it should set aside its order granting Plaintiff's motion for default judgment.

**II.    STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require a defendant to serve an answer within twenty-

one days of being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If a party against whom judgment for relief is sought fails to respond or otherwise defend against such action, the clerk is authorized to enter a default. Fed. R. Civ. P. 55(a). The court may then enter a default judgment against such party. Fed. R. Civ. P. 55(b). A party against whom default judgment has been entered may petition the Court to set aside such judgment for good cause, and upon a showing of mistake, or any other just reason. *See* Fed. R. Civ. P. 55(c), 60(b); *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

The Court must first determine whether this motion should be viewed as relief from an entry of default or relief from default judgment. Rule 55(c) empowers courts to grant relief from an entry of default "for good cause shown," which is to be determined by considering (1) whether the plaintiff would be prejudiced, (2) whether the defendant has a meritorious claim or defense, and (3) whether the defendant's culpable conduct led to the default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982)). In cases where "the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir. 1986).

Where an entry of default has ripened into a default judgment, a stricter standard of review applies. *United States v. Real Prop. & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999). "[O]nce the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music*

4

*Vending*, 976 F.2d 290, 292 (6th Cir. 1992). While, the same three factors controlling the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment, the "scope of the court's equitable inquiry" is considerably narrowed by the specific requirements of Rule 60(b). *Id.*

Based on the status of the case at the time the motion was filed, the Court finds it is properly addressed as a motion for relief from entry of default. The Court granted Plaintiff's motion for default judgment, however, the matter was then referred to the magistrate judge for determination of damages "before the Court enters final judgment in this matter" (Court File No. 10, p. 2). Because final judgment had not yet been entered and damages had not been determined, the Court concludes the appropriate standard of review is the more lenient relief from an entry of default described in Rule 55(c).

### III. ANALYSIS

After reviewing the facts and history of the parties in this case, the Court, applying Rule 55(c) equitably and liberally, finds good cause has been established to vacate the default. In balancing the *United Coin Meter* three factors, the Court finds good cause to allow the case to proceed on the merits. Default is disfavored in the federal court system. *See United Coin Meter*, 705 F.2d 845 ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases"). Federal courts favor trials on the merits, thus "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (internal quotations and citations omitted) (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)).

Although vacating default will delay the ultimate resolution of Plaintiff's claims, it will not prejudice the plaintiff. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter*, 705 F.2d at 845. Rather, the plaintiff must show "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Plaintiff did not respond to the instant motion and has not otherwise raised any suggestion of evidentiary loss, discovery problems or potential fraud. Although Vander did not timely answer the complaint, it is undisputed he contacted the plaintiff's counsel and made efforts to resolve this matter. Based on representations in the parties' filings (Court File No. 17, p. 3; Court File No. 18, p.2), there have been active discussions between Vander and the plaintiff's counsel and these have yet to result in a resolution. The instant motion was filed prior to final judgment or a damages hearing and the Court concludes allowing this case to proceed on the merits will ultimately not result in prejudice to the plaintiff.

Both Vander's and Stephen's motions contain meritorious defenses. A claim or defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003). Any disputed or ambiguous facts are construed in the light most favorable to the defaulted party. *Id*. The Court need not determine the likelihood of success as long as the defense presented is one "good at law." *Shepard Claims*, 796 F.2d at 192-93. Here, Vander challenges critical facts essential to both Plaintiff's wrongful termination and minimum wage violation claims. Vander asserts he never fired the plaintiff and the tip-sharing policies of the restaurant were not as Plaintiff alleges. Stephen denies having any ownership or managerial responsibility over Plaintiff and contends he was only

employed as a fellow server/bartender at the restaurant and therefore not liable for overtime and minimum wage violations nor retaliation for such. Construed in the light most favorably to the defendants, these defenses could alter the result achieved by default. The Court's preference for adjudicating cases on their merits allocates considerable weight to this factor. In light of the defenses raised by Vander and Stephen, this factor also weighs in favor of setting aside default.

Vander and Stephen's intentional conduct led to the default. Nevertheless, for a defendant to be treated as culpable, his conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Shepard Claims,* 796 F.2d at 194. Negligent conduct by the defendant that is "careless and inexcusable may still qualify for relief under the 'good cause' standard." *Id.* Vander cites his lack of financial resources and his inability to afford a lawyer as justification for failing to answer Plaintiff's complaint. While *pro se* litigants are afforded less stringent pleading standards, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), such treatment has limits. *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991)(finding dismissal appropriate based on the *pro se* plaintiff's clear pattern of delay, including failure to adhere to two extensions of deadlines). Stephen claims Vander had been handling the case for him the whole time and that he never actually received service. The record before the Court, however, indicates Stephen was individually served on September 9, 2009 (Court File No. 5).

It is undisputed Vander had discussions with Plaintiff's counsel after the filing of the complaint including an extension of the deadline for an answer (Court File No. 18, p. 1; Court File No. 15, p.1). Vander was thus aware of these deadlines and still did not respond. By failing to respond to Plaintiff's complaint for over eight months, Vander's intentional conduct resulted in the

default. Stephen's misplaced reliance on Vander to handle his response to a pending lawsuit is similarly inexcusable. Vander's culpable conduct is mitigated in part by his attempts to engage in discussions to reach a resolution, including stipulating to damages. These do not reflect the actions of someone intending to thwart judicial proceedings. Under the "good cause" standard it is not necessary that conduct be excusable to qualify for relief. *Shepard Claims*, 796 F.2d at 194. The Court finds both Stephen's and Vander's culpability weigh against setting aside default. Despite Vander and Stephen's inexcusable delay in responding to the complaint, the Court concludes a balancing of the *United Coin* factors establishes the harsh remedy of default is inappropriate. This conclusion is reinforced by the Court's preference for adjudicating cases on their merits. Therefore, the Court will vacate its previous order and the entry of default and will allow Vander and Stephen's case to proceed on the merits.

The Court will also vacate default as it applies to Jane to avoid potentially inconsistent judgments. In cases with multiple defendants "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000); *Broadcast Music, Inc. v. Wheels, Inc.*, 1:07-cv-78, 2008 WL 1751522 at *4 (E.D. Tenn. April 11, 2008). The Court determines the best course is to delay the entry of default judgment against Jane as there is a risk of non-uniform judgments in the event of a trial concerning Plaintiff's claims against Vander and Stephen.

**IV.   CONCLUSION**

The Court, having reviewed the parties' respective filings and considered the factors to

support "good cause" outlined in *United Coin*, concludes the appropriate relief is to vacate its previous order (Court File No. 10) and the entry of default (Court File No. 8). The Court seeks to minimize any further delay in resolving Plaintiff's claims and will **ORDER** the defendants to file an answer to Plaintiff's complaint within **seven (7)** days of the accompanying order.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**