UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CORINTHIAN LOYLESS, ) | |
| ) | |
| Plaintiff, ) | No. 1:09-CV-239 |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| VANDER OLIVEIRA d/b/a ANGELO'S ) | |
| STEAK HOUSE, et al. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

Before the Court is the second motion for default judgment filed by Plaintiff Corinthian Loyless ("Plaintiff") against Defendants Vander Oliveira d/b/a Angelo's Steakhouse ("Vander"), and Jane Oliveira d/b/a Angelo's Steakhouse ("Jane")(Court File No. 44). This motion comes before the Court following what has been an unusual and rather convoluted procedural history.

Plaintiff first filed a motion for entry of default on January 21, 2010 (Court File No. 7), after none of the defendants responded to the complaint filed in September 2009. This motion was granted by the clerk of court (Court File No. 8) and Plaintiff moved for default judgment on March 12, 2010 (Court File No. 9). Plaintiff's initial motion for default judgment was granted and the case was referred to United States Magistrate Judge Susan K. Lee for a hearing and determination of damages (Court File No. 10). Defendant Vander, after stipulating to an amount of damages (Court File No. 14), moved to set aside default judgment (Court File No. 15) and this Court set aside default judgment as to Vander, Jane, and Defendant Stephen Oliveira ("Stephen") (Court File No. 26). After none of the defendants filed responsive pleadings as directed by the Court, Plaintiff moved for

summary judgment on all claims July 27, 2010 (Court File No. 29). This same day, Defendants Vander and Stephen moved for leave to file an untimely answer (Court File Nos. 27, 28), which was granted by the Court along with cautionary instructions to comply with all further court-imposed deadlines and orders (Court File No. 31). The Court granted Plaintiff's motion for summary judgment as to his overtime and minimum wage violation claims against Vander and Jane, but denied summary judgment as to Plaintiff's claims of wrongful discharge and retaliation (Court File No. 37). The Court also denied summary judgment on all claims against Stephen. The parties were ordered to appear for a scheduling conference on October 29, 2010 (Court File No. 38). Vander and Jane failed to appear for this conference despite clear instructions and orders from the Court.

Plaintiff now asks the Court to enter default judgment against Defendants Vander and Jane (Court File No. 44). Although Vander filed an untimely answer, these two defendants have repeatedly ignored instructions in Court orders, failed to appear for a scheduled hearing, or "otherwise defend." The Court therefore **GRANTS** Plaintiff's motion for default judgment (Court File No. 44). Plaintiff's claims against Stephen are scheduled to proceed to trial on October 11, 2011 (Court File No. 45), however, the Court finds reserving ruling on issues of damages until after trial inappropriate. Vander and Jane's dilatory tactics have already prolonged this litigation to the prejudice of the plaintiff and require the Court's immediate action. The Court also concludes resolving the amount of damages against Vander and Jane does not interfere with Stephen's ability to proceed to trial on issues of liability.

Issues of fact precluded summary judgment on Plaintiff's wrongful termination and retaliation claims against Vander and Jane. Now, because the Court grants entry of default judgment, Plaintiff's well-pleaded allegations against these two defendants are taken as true and the

claims considered established as a matter of law.  *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)(describing entry of default judgment as "conclusively establish[ing] every factual predicate of a claim for relief.").   Because Plaintiff cannot provide nor ascertain a sum certain for recovery sought against Defendants Vander and Jane on his wrongful termination and retaliation claims, as contemplated by Fed. R. Civ. P. 55(b)(1), the Court must take necessary steps to determine the appropriate amount of damages.  Fed. R. Civ. P. 55(b)(2).

This Court previously granted summary judgment in favor of the plaintiff on his overtime and minimum wage violation claims against Vander and Jane.  Plaintiff still has the burden of proving damages on these claims. Therefore, the Court hereby **REFERS** this matter to United States Magistrate Judge Susan K. Lee to conduct such evidentiary hearings as she deems appropriate, and to issue a report and recommendation for this Court's consideration before the Court enters final judgment in the matter.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 55(b)(2).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**