UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CORINTHIAN LOYLESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:09-cv-239 |
| v. ) | |
| ) | *Collier / Lee* |
| VANDER OLIVEIRA, d/b/a ANGELO'S ) | |
| STEAK HOUSE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned upon the default of two Defendants for a hearing and determination of damages [Doc. 49].

**I.     BACKGROUND**

Plaintiff brought suit against Defendants Vander, Jane, and Stephen Oliveira in September, 2009, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 210-219, and wrongful termination [Doc. 1]. Specifically, Plaintiff alleged that Defendants failed to pay Plaintiff: (1) minimum wage for numerous hours he worked "off the clock" while employed as a server and bartender; (2) the correct minimum wage rate by inappropriately using the "tip credit" to compensate Plaintiff on a sub-minimum wage rate; and (3) the overtime premium for hours over 40 that Plaintiff worked in a work week.  Plaintiff also alleged that Defendants fired him in retaliation for his complaints at having to share tips in violation of the FLSA.  Defendant Stephen Oliveira answered the complaint, but Defendants Vander and Jane Oliveira defaulted.[1]  The Court granted default

---

[1]     As the Court noted in its order granting Plaintiff's motion for default against Vander and Jane Oliveira, Vander Oliveira successfully moved to set aside a default judgment and then filed a late answer, but Vander and Jane Oliveira thereafter repeatedly ignored the Court's orders, failing to "otherwise defend" the action [Doc. 49].

judgment against Defendants Vander and Jane Oliveira, and the factual allegations in Plaintiff's complaint are therefore "conclusively establishe[d]" as to Defendants Vander and Jane Oliveira. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007).

An evidentiary hearing on the issue of damages was held on January 28, 2011, at which Plaintiff was the sole witness to testify. Despite having been served with notice of the hearing, no Defendant appeared. Based on Plaintiff's factual allegations, now taken as true, and Plaintiff's consistent and credible testimony at the hearing, I make the following findings of fact and conclusions of law:

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Between April 2007 and October 2008, Plaintiff was employed by at least Defendants Vander and Jane Oliveira, doing business as Angelo's Steak House, as a server and/or bartender.

2. During the period of Plaintiff's employment, Defendants Vander and Jane Oliveira committed various violations of the FLSA, as described more fully in the findings below. Furthermore, Defendants Vander and Jane Oliveira committed these violations willfully, as shown by the following: they falsified the records of the hours Plaintiff worked; they failed to post notices required by the FLSA; and they ignored Plaintiff's complaints that their conduct was unlawful. Consequently, I conclude Plaintiff may recover for violations occurring within three years of the date he filed his complaint, a period which includes his entire term of employment. *See* 29 U.S.C. § 255(a).

3. Defendants Vander and Jane Oliveira did not inform Plaintiff they intended to treat his tips as satisfying part of their minimum wage obligation. Defendants Vander and Jane Oliveira

are therefore not entitled to claim a tip credit to offset any back wages. *See* [29 U.S.C. § 203(m)](); *[Kilgore v. Outback Steakhouse of Fla., Inc.](), 160 F.3d 294, 298 (6th Cir. 1998)*.

4. During a nine-week period beginning in April 2007 and ending in June 2007, Plaintiff worked 45 hours per week. He was paid for 40 hours per week at a rate of $2.13 per hour. Minimum wage at the time was $5.15 per hour.[2] Plaintiff is therefore owed an additional $3.02 per hour for the first 40 hours of each work week and overtime pay at the rate of $7.73 per hour[4] for the 5 overtime hours he worked each week. **Thus, for the period between April 2007 and June 2007, I find Plaintiff is owed $1,435.05 in back wages and unpaid overtime compensation.**[5]

5. Between June 2007 and August 2007, Plaintiff worked 7 days per week as the sole bartender. He was required to arrive at 3:00 p.m., but was not allowed to clock in until 5:00 p.m. The restaurant typically closed between 12:00 a.m. and 1:00 a.m. during the weekend and around 3:00 a.m. on weekend nights, but Plaintiff was required to clean up the restaurant and then wait until a manager came to lock the restaurant, sometimes as late as 5:00 a.m. Plaintiff generally worked between 11 and 15 hours per day during this time period, or 80-90 hours per week. Plaintiff was paid, however, for only 40 hours per week. Defendants falsified the

---

[2] *See* [29 U.S.C. § 206]() (as amended by the Fair Minimum Wage Act, [Pub. L. No. 110-28, § 8102 (2007)]()) (raising the minimum wage from $5.15 per hour for work performed prior to July 24, 2007, to $5.85 per hour for work performed between July 24, 2007, and July, 23, 2008, to $6.55 per hour for work performed between July 24, 2008, and July 23, 2009, and to $7.25 per hour for work performed on or after July 24, 2009).

[4] The overtime premium under the FLSA is one and one-half times the regular minimum wage. [29 U.S.C. § 207]().

[5] Pursuant to [29 U.S.C. § 216(b)](), an employer will be liable for unpaid minimum wages and unpaid overtime compensation.

records of Plaintiff's hours worked, and they required him to sign off on those documents. Plaintiff was paid $2.13 per hour for those 40 hours per week. The minimum wage required under the FLSA was increased during this time period, on July 24, 2007, from $5.15 per hour to $5.85 per hour. Accordingly, for the 14-week period between June 2007 and August 2007, Plaintiff is owed $3.02 per hour for the first 40 hours of each of the nine weeks preceding the minimum wage increase and $3.72 per hour for the first 40 hours of each of the five weeks following the minimum wage increase. He is owed overtime pay for 45 hours per week (based on an average of 85 hours per week) at a rate of $7.73 for the first nine weeks and $8.78 for the remaining five weeks. **Thus, for the period between June 2007 and August 2007, I find Plaintiff is owed $6937.35 in back wages and unpaid overtime compensation.**

6. Between August 2007 and October 4, 2008, Plaintiff continued working as a bartender for Defendants, but was no longer always the sole bartender. During this 57-week period, Plaintiff worked approximately 50 hours per week, but was paid only for 40 hours per week. Defendants continued to fail to record hours Plaintiff worked beyond 40 per week. Sometime during this period, Plaintiff's wage was raised to $3.50 per hour, but Plaintiff could not recall exactly when. The minimum wage required under the FLSA was increased on July 24, 2008, from $5.85 per hour to $6.55 per hour. Accordingly, for the 57-week period between August 2007 and October 4, 2008, Plaintiff is owed $2.35 per hour for the first 40 hours of each of the 48 weeks preceding the minimum wage increase and $3.05 per hour for the first 40 hours of each of the nine weeks following the minimum wage increase. He is owed overtime pay for 10 hours per week at a rate of $8.78 for the first 48 weeks and

$9.83 for the remaining nine weeks. **Thus, for the period between August 2007 and October 4, 2008, I find Plaintiff is owed $10,709.10 in back wages and unpaid overtime compensation.**

7. Throughout his employment, Plaintiff was required by Defendants Vander and Jane Oliveira to "tip out" dishwashers, who do not customarily and regularly receive tips, at an average rate of $50 per week. Although I find the tip-out was improper, I conclude Plaintiff is not entitled to recover the $50 weekly tip-out as damages. The FLSA provides for recovery of only unpaid wages and overtime compensation, for which Plaintiff will be fully compensated pursuant to the above findings. *See* 29 U.S.C. § 216(b). To allow Plaintiff to collect the tip-out in addition to his unpaid wages and overtime would amount to a double recovery.

8. **In sum, I find Plaintiff is entitled to recover a total of $19,081.50 in unliquidated damages for his minimum wage, overtime, and tip violation claims.**

9. Plaintiff is also entitled to statutory liquidated damages on his FLSA claims in an amount equal to his unliquidated damages. *See* 29 U.S.C. § 216(b). Although a defendant may avoid liability for liquidated damages by showing his actions were in good faith, 29 U.S.C. § 260, Defendants Vander and Jane Oliveira have not attempted to make such a showing. Furthermore, the above finding that Defendants Vander and Jane Oliveira acted willfully precludes any argument that they acted in good faith. *See EEOC v. City of Detroit Health Dept., Herman Kiefer Complex*, 920 F.2d 355, 358 (6th Cir. 1990). **I therefore find Plaintiff is entitled to recover liquidated damages in the amount of $19,081.50.**

10. On October 4, 2008, Plaintiff was instructed to share his tips with Stephen Oliveira, a manager. Plaintiff objected to the tip-pooling, and he was fired in retaliation for his

complaints in violation of 29 U.S.C. § 215(a)(3)[6] and Tenn. Code Ann. § 50-1-304. Plaintiff diligently looked for work, both as a server or bartender and outside the restaurant business, in the area from Athens, Tennessee, to Chattanooga, Tennessee, but was unable to find other employment until the middle of September 2010. Plaintiff lost his job as the economy faltered, but Defendants' restaurant continued to operate throughout his unemployment. I find that Plaintiff reasonably attempted to mitigate his damages[7] and he is therefore entitled to recover lost wages for 50 hours per week at minimum wage for the period of his unemployment. *Cf. Spengler v. Worthington Cylinders*, 615 F.3d 481, 495 (6th Cir. 2010) (holding that the evidence was sufficient to support lost wages award under ADEA to compensate the plaintiff for the time he would have worked). The minimum wage was increased again during this period, on July 24, 2009, from $6.55 per hour to $7.25 per hour. Accordingly, Plaintiff is owed $6.55 per hour for the first 40 hours of each the 44 weeks preceding the minimum wage increase and $7.25 for the first 40 hours of each of the 56 weeks following the minimum wage increase. He is owed overtime pay for 10 hours per week at a rate of $9.83 for the first 44 weeks and $10.88 for the remaining 56 weeks. **I therefore find Plaintiff is entitled to recover a total of $38,186 for lost wages from his**

---

[6] Although some courts have held to the contrary, *e.g.*, *Boateng v. Terminex Int'l Co.*, 2007 WL 2572403, *2 (E.D. Va. Sep. 4, 2007), an informal, internal complaint is sufficient to trigger the antiretaliation provisions of the FLSA under the authority of *EEOC v. Romeo Comty. Sch.*, 976 F.2d 985, 989 (6th Cir. 1992).

[7] Plaintiff received unemployment benefits during this time, but "[u]nemployment benefits . . . should not be deducted from backpay awards." *Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 626 (6th Cir. 1983).

**wrongful termination and retaliation claims.**[8]

11. Plaintiff also suffered some emotional distress from his wrongful termination.[9] Plaintiff's pride was hurt by the loss of his job, and he found it difficult to ask for his family's help. Unemployment, Plaintiff testified, made him feel like a failure. Losing his job also affected Plaintiff's social life, because most of his social contacts were patrons of the restaurant. Plaintiff maintains good relationships with his friends from the restaurants, however, and he met his fiancé there. Plaintiff does not allege any physical manifestations of his distress, and he does not seek to recover any expenses for medical treatment. In fixing an award of damages for emotional distress, the court may consider whether the plaintiff's testimony is corroborated by other evidence, *Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 207 (3d Cir. 1996); *Reetz v. Motor Hotel Mgmt., Inc.*, 1989 WL 52878, *3 (6th Cir. 1989) (unpublished), whether the plaintiff's relationships were harmed or whether the distress manifested itself physically, *Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004), and the length and severity of the period of distress, *Gates v. Guyton*, 1988 WL 81271, *3 (6th Cir. 1988) (unpublished). After considering the evidence, **I find that an award of $1,500 would fully compensate Plaintiff for his emotional distress.**

12. Plaintiff is entitled to a reasonable attorney's fee and the costs of the action against Defendants Vander and Jane Oliveira. *See* 29 U.S.C. § 216(b). However, Plaintiff has not yet submitted evidence of his fees incurred in proceeding against Defendants Vander and

---

[8] Plaintiff did not seek liquidated damages for this claim in his complaint, at the hearing, or in his proposed findings of fact.

[9] Damages for emotional injuries are recoverable where the defendant has violated 29 U.S.C. § 215(a)(3). *Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004).

Jane Oliveira, and this matter is intertwined with Plaintiff's ongoing suit against Defendant Stephen Oliveira. Accordingly, an award of fees should be deferred until the conclusion of the pending suit or until entry of a judgment against Defendants Vander and Jane Oliveira.[10]

## III. RECOMMENDATION

In summary, I **RECOMMEND**[11] Plaintiff be awarded damages against Defendants Vander and Jane Oliveira in the amount of **$77,849** along with attorney's fees and costs to be determined at a later date.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[10] The latter of these events will not necessarily precede the former. Because of a serious risk of inconsistent judgments, the Court may choose not to enter judgment until the conclusion of the suit against Defendant Stephen Oliveira. *See*, *e.g.*, *Lemus v. Manhattan Car Wash, Inc.*, 2010 WL 4968182, *12 n.6 (S.D.N.Y. Nov. 24, 2010) (noting that where a separate determination of damages poses the risk of inconsistent judgments, the plaintiff can obtain a judgment for damages only by "mov[ing] against all of the defendants at once, or seek[ing] default judgment from some of the defendants and withdraw[ing] his claims against the others"); *Figueroa v. Image Rent a Car, Inc.*, 2010 WL 3894356, *2 (M.D. Fla. Sep. 10, 2010).

[11] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.