UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CORINTHIAN LOYLESS, ) | |
| ) | |
| Plaintiff, ) | No. 1:09-CV-239 |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| VANDER OLIVEIRA d/b/a ANGELO'S ) | |
| STEAK HOUSE, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is Plaintiff Corinthian Loyless's ("Plaintiff") renewed motion for default judgment as a sanction against Defendant Stephen Oliveira ("Stephen") (Court File No. 71). Not surprisingly, Stephen failed to file a timely response. On June 24, 2011, Magistrate Judge Susan K. Lee conducted a hearing and ordered Stephen to respond to written discovery responses by July 8, 2011, and to appear for a telephonic deposition on July 11, 2011 (Court File No. 69). Stephen failed to comply with either requirement. In light of Stephen's violations of a clear court order, his complete disregard for the authority of this court despite unequivocal warnings, and the prejudice suffered by Plaintiff from these delays, the Court concludes default judgment is the appropriate sanction. Therefore, the Court will **GRANT** Plaintiff's renewed motion for default against Stephen (Court File No. 71) and **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation on the amount of damages (Court File No. 56).

**I.     RELEVANT HISTORY**

Plaintiff initiated this action on September 9, 2009, asserting violations of minimum wage,

overtime and retaliation provisions under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), as well as claims of wrongful discharge under the common law and the Tennessee Public Protection Act. Plaintiff seeks recovery from Vander Oliveira ("Vander"), Jane Oliveira ("Jane"), and Stephen. In light of the lengthy and convoluted history of this case, the Court has summarized the procedural intricacies and facts on multiple occasions. The Court incorporates its description of the facts and history from previous orders and will only address the pertinent developments in the case.

In September 2010, the Court granted summary judgment in favor of Plaintiff on his claims of FLSA overtime and minimum wage violation against Vander and Jane but denied summary judgment as to the claims against Stephen and remaining wrongful termination and retaliation claims (Court File No. 37). On October 29, 2010, Stephen appeared before this Court for a scheduling conference during which pertinent deadlines were established. These dates included a discovery deadline of June 13, 2011, and a trial date of October 11, 2011 (Court File No. 45). Codefendants Vander and Jane failed to appear for this scheduling conference and the Court subsequently granted Plaintiff's motion for default judgment against them on the wrongful termination and retaliation claims (Court File No. 49). Prior to entering final judgment against Vander and Jane, the Court referred the matter to the magistrate judge to conduct an evidentiary hearing on the amount of damages. Magistrate Judge Susan K. Lee conducted such a hearing on January 28, 2011, and issued a report and recommendation on February 9, 2011 recommending a damage award of $77,849, with attorney's fees and costs against Vander and Jane (Court File No. 56). Neither Vander nor Jane filed

a timely objection. [1]

Stephen was served with requests for interrogatories and for production of documents on March 22, 2011, and was noticed for his deposition to take place at his attorney's office on June 6, 2011. After he failed to respond to the discovery requests and failed to appear for his own deposition, Plaintiff filed a motion to compel and to impose sanctions (Court File Nos. 61, 63). Magistrate Judge Lee granted the motion to compel and ordered Stephen to provide pending discovery requests on or before July 8, 2011 (Court File No. 69). Further, Stephen was "strongly cautioned that failure to fully comply with this Order may result in sanctions, including the entry of a default judgment" (*id.* at 2). The magistrate judge concluded default judgment was too severe at that time, and instead awarded Plaintiff expenses in bringing the motions. Magistrate Judge Lee also ordered Stephen to appear for a telephonic deposition on July 11, 2011 (*id.* at 5). Stephen failed to respond to the discovery requests and failed to appear for his deposition, thereby violating the clear order of this court.

On July 11, 2011, after Stephen failed to appear for his deposition, Plaintiff renewed his motion for default judgment as a sanction (Court File No. 71). Plaintiff seeks entry of default judgment against Stephen, final judgment entered against all three defendants in the amount calculated in the report and recommendation (Court File No. 56), as well as an award of attorney's fees and costs pursuant to a fee petition submitted by counsel.

## II.    SANCTIONS AGAINST STEPHEN OLIVEIRA

---

[1] Stephen filed an objection, but only to the classification of Stephen as a "Manager" and not to any amount of damages (Court File No. 57).

In light of Stephen's willful failure to comply with a clear court order, the prior warning of imminent default by the magistrate judge, and the prejudice incurred by the plaintiff due to Stephen's actions, severe sanctions are warranted. The range of sanctions for discovery violations are set forth in Rule 37 of the Federal Rules of Civil Procedure and include "prohibiting the disobedient party from supporting or opposing designated claims or defenses" as well as "rendering default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); 37(d)(3). These sanctions are discretionary and the Sixth Circuit has identified four factors for courts to consider:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by [] party's failure to cooperate in discovery; (3) whether the [] party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

Stephen simply has offered no reason for his noncompliance. After appearing for the scheduling conference in October 2010, Stephen retained counsel and apparently moved to Australia (Court File No. 67, p. 1). Stephen has only sporadically communicated with his counsel and despite counsel's numerous efforts to communicate over electronic mail, Stephen has not responded to participate in the defense of this matter (Court File Nos. 67, 70). Based on filings by Stephen's counsel, it does not appear Stephen has even informed counsel of his current address (Court File No. 70, p. 2). Stephen's failure to respond to his own counsel and to actively participate in his defense are considered willful. During the pendency of this lawsuit, Stephen intentionally chose to move to a distant country and to provide only minimal details of his whereabouts to his counsel. The Court finds this behavior not only willful but indicative of bad faith.

Plaintiff has been prejudiced by the delay as he has been deprived access to necessary

4

information to prepare his case. The discovery period has now ended. This case is set for trial in October 2011 and Plaintiff has been unable to gather information despite numerous and persistent efforts. Plaintiff initiated this action nearly two years ago and has expended considerable time and effort to prepare his case while Stephen (and his codefendants) willfully ignored procedural rules, deadlines, court appearances, and most recently, a clear discovery order from this court. The magistrate judge's express warning to Stephen and her imposition of lesser sanctions satisfy the third and fourth factors set forth above. Stephen was clearly cautioned that default judgment could result from his noncompliance and lesser sanctions of awarding Plaintiff's counsel's expenses had already been imposed.

Stephen, despite efforts by his counsel to defend, has willfully violated an order of the court and has failed to cooperate in the discovery process despite clear warnings. The Court finds the harsh sanction of default judgment warranted by Stephen's actions during this litigation. In addition, the Court will prohibit Stephen from supporting his defense to the action and will reject his objection to the report and recommendation (Court File No. 57). Because of Stephen's default, all well-pleaded allegations in Plaintiff's complaint are now taken as true and Plaintiff's claims are considered established as a matter of law. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)(describing entry of default judgment as "conclusively establish[ing] every factual predicate of a claim for relief.") In light of the factors discussed above, the Court finds Stephen is not entitled to pursue the defense that he was not a manager.

Accordingly, the Court will **GRANT** Plaintiff's renewed motion for default judgment against Stephen (Court File No. 71).

### III. DAMAGES

Plaintiff's damages for his wrongful termination, retaliation, overtime and minimum wage violations were calculated to total $77,849 along with attorney's fees and costs to be determined at a later date (Court File No. 56, p. 8). There were no objections filed as to the amount and the Court rejects Stephen's challenge to his classification as a manager. As Plaintiff has previously satisfied his burden of proving damages against two defendants and the amount of damages determined, the Court sees no reason for further hearings on this issue. The three defendants are jointly and severally liable as Plaintiff's employer. Because Stephen is now in default along with his two codefendants, there is no longer the risk of inconsistent judgments that would be present if he had proceeded to trial.[2]

After reviewing the record, this Court agrees with the report and recommendation issued by the magistrate judge (Court File No. 56). The Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations and order judgment entered against all three defendants in the amount of $77,849 along with attorney's fees and costs to be determined.

### IV. CONCLUSION

For the reasons above, the Court will **GRANT** Plaintiff's renewed motion for default

---

[2]When default is entered against one of multiple defendants in a case, the preferred practice is to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000); *Broadcast Music, Inc. v. Wheels, Inc.*, 1:07-cv-78, 2008 WL 1751522 at *4 (E.D. Tenn. April 11, 2008).

judgment against Stephen (Court File No. 71), **ACCEPT** and **ADOPT** the report and recommendation (Court File No. 56) and will **ENTER JUDGMENT** in favor of Plaintiff against Stephen Oliveira, Vander Oliveira, and Jane Oliveira, jointly and severally, in the amount of $77,849 along with attorney's fees and costs to be submitted to the court pursuant to Fed. R. Civ. P. 54.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**