UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CORINTHIAN LOYLESS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANDER OLIVEIRA, d/b/a ANGELO'S )<br>STEAK HOUSE, *et al.,* )<br>)<br>Defendants. ) | 1:09-cv-239<br>*Collier / Lee* |

## REPORT AND RECOMMENDATION

Before the Court is a motion for attorney's fees and costs [Doc. 76] filed by Plaintiff Corinthian Loyless.[1] Plaintiff's counsel seeks attorney's fees in the amount of $41,460 and an additional 3% fee ($1,243.80) for time spent preparing the motion for attorney's fees and costs, for a total award of $42,703.80. None of the Defendants have filed any response in opposition.

For the reasons explained below, I **RECOMMEND** that Plaintiff's motion [Doc. 76] be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff be awarded attorney's fees in the amount of $31,579.80.

---

[1] The motion was referred for disposition pursuant to 28 U.S.C. § 636(b)(3) [Doc. 82]. Plaintiff seeks both attorney's fees and costs in the motion; however, Plaintiff's Bill of Costs has already been approved by the Clerk of Court and costs were taxed in the amount requested by Plaintiff [Doc. 81]. Accordingly, this report and recommendation will address only the request for attorney's fees.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his Complaint on September 9, 2009, alleging Defendants had violated the Fair Labor Standards Act ("FLSA") by failing to pay him appropriate overtime wages and failing to pay him minimum wage for all hours worked. Plaintiff also asserted a retaliation claim pursuant to the FLSA and the Tennessee Public Protection Act. After Defendants did not appear, Plaintiff sought and obtained entry of default and a default judgment against all three Defendants, and the case was referred to the undersigned for a report and recommendation to determine appropriate damages upon default. An evidentiary hearing was scheduled, but Defendants appeared and sought to set aside the default judgment, leading to the continuance and then cancellation of the hearing.

Plaintiff filed a motion for summary judgment, which was granted in part and denied in part. Eventually, Plaintiff moved once again for default judgment, which was granted as to Defendants Vander and Jane Oliveira. The undersigned conducted an evidentiary hearing on damages and filed a report and recommendation recommending damages in the amount of $77,849.00. Defendant Stephen Oliveira continued to be involved in the case until he consistently failed to comply with Court orders, leading to a grant of default judgment against him as well. The case closed upon the entry of a judgment against all Defendants in the amount of $77,849.00.

## II. ANALYSIS

The FLSA provides for an award of attorney's fees to a successful plaintiff. *See* 29 U.S.C. § 216(b) ("The court is such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant. . . "). The use of the word "shall" makes the award mandatory; however, the amount of fees awarded is at the Court's discretion. *See Farmer v. Ottawa Cnty.*, 211 F.3d 1268 (Table), 2000 WL 420698, at *7 (6th Cir.

Apr. 13, 2000); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The purpose of the FLSA provision is to "insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and, as such, a court should not focus excessively on the amount of the plaintiff's recovery when determining a reasonable fee. *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 207 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984).

The FLSA does not address how to determine the reasonableness of a requested fee, but the United States Court of Appeals for the Sixth Circuit has approved the use of the "lodestar" method, by which the Court should multiply the number of hours reasonably spent on the case by a reasonable hourly rate. *Garcia v. Conway*, No. 3:10-cv-01069, 2011 WL 6778258, at *1 (M.D. Tenn. Dec. 23, 2011) (citing *Moore v. Freeman*, 355 F.3d 558, 565-66 (6th Cir. 2004)). The burden of establishing the reasonable fee is on the fee applicant. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court may adjust the fee downward where the documentation of hours is inadequate and counsel includes hours that were not "reasonably expended" in the request, such as those that are "excessive, redundant, or otherwise unnecessary." *Id.* at 433-34.[2]

---

[2] In addition to this guidance, the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) have traditionally been used to further assess the reasonableness of the "lodestar" amount. *See Heriges v. Wilson Cnty, Tenn.*, No. 3:09-cv-0362, 2010 WL 4116719, at *12 (M.D. Tenn. Oct. 19, 2010). These factors are "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* The United States Supreme Court has recognized, however, that many of the factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

Here, Plaintiff's counsel seeks an hourly rate of $300 for 138.2 hours expended. Although $300 is a relatively high hourly rate for this type of case, considering the Chattanooga, Tennessee legal market and hourly rates this Court has approved in the recent past,[3] because there is no response by Defendants and therefore no objection to the hourly rate, I **FIND** the $300 hourly rate to be reasonable in light of counsel's extensive experience in the field of wage and hour cases. Because this hourly rate indicates a high level of experience and competency, however, I **FIND** the number of hours expended is not entirely reasonable and I **CONCLUDE** the number of hours should be reduced.

Specifically, there are several examples of time entries that seem excessive for the work completed and documents submitted. There are six time entries indicating Plaintiff's counsel worked on the Complaint for a total of 8.6 hours. The Complaint, at eight pages, is relatively straightforward, and this time does not include counsel's research into the ownership of the company and other apparently extensive calculations made prior to working on the Complaint. There are three entries for a total of 3.4 hours spent working on Plaintiff's motion for entry of default [Doc. 7], which consists of two fill-in-the blank forms that are each less than one page. Similarly, counsel billed 1.4 hours for the preparation and filing of the motion for default judgment [Doc. 9] which consists of a short statement and a one-page affidavit. Plaintiff's counsel billed 2.4 hours to review a handwritten, three-page motion to continue [Doc. 17] and draft a three-page response [Doc. 18].

---

[3] *See McKay v. Reliance Standard Life Ins. Co.*, 654 F. Supp. 2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); *Brooks v. Invista (Koch Indus.)*, No. 1:05-CV-328, 2008 WL 304893, at *6 (E.D. Tenn. Jan. 30, 2008) (reducing a requested hourly rate to $229.50 and noting that "[f]ee awards in the Eastern District of Tennessee indicate that the hourly rates necessary to secure competent representation . . . in this region are lower than those requested by the Defendant, and perhaps lower than the prevailing rates in the Nashville market.").

Plaintiff's counsel billed 4.0 hours to review a short motion to continue [Doc. 20], a short motion to set aside [Doc. 21], and draft and file a response just over one page [Doc. 23]. Counsel billed a total of 15.2 hours for work completed on an 11-page motion for summary judgment [Doc. 29]. One hour was billed to prepare and file a one-page motion for default judgment [Doc. 44]. Another hour was billed to prepare and file a renewed, one-page motion for default judgment [Doc. 71]. While the Court recognizes that this case presented some challenges, review of the documents submitted by Plaintiff's counsel indicates the time spent on these matters may be a little excessive for the level of experience, knowledge and efficiency that would warrant a $300 hourly rate.

There are also time entries with unclear descriptions. On March 18, 2010, there is an entry titled simply "review status" for .20 hours. There is an ambiguous entry titled "confer re status" for .30 hours, and another titled "email to CPY re status" for .40 hours.[4] One entry says, simply, "phone call to attorney" for .20 hours. Another confusing entry is "prepare declaration" for .30 hours in May 2009, months before the case was filed; it is unclear what declaration was being prepared at the time. Finally, there are two entries in May 2010 that both refer vaguely to conferrals and discussions about stipulating to damages (and filing the stipulation [Doc. 14] for a total of 6.3 hours.

In addition, Plaintiff's counsel billed two hours for a conference with the Clerk of Court about admission and the preparation of a motion to be admitted *pro hac vice*, a fill-in-the-blank form. Another .50 hours were billed for "work on ED admission," .50 hours were billed for finalizing admission documents, and .40 hours were billed for a conference with the Clerk of Court

---

[4] CPY refers to Plaintiff's co-counsel, Charles Yezbak, who never entered an appearance in the case in this Court. Nonetheless, it appears from the affidavit submitted that time entries in the document provided may have been submitted for time expended by both Attorney Cutler and Attorney Yezbak; however, it is unclear which entries belong to which attorney, and some time entries may be duplicative as a result.

about the swearing in process. Counsel's admission will allow her to file other cases in this Court and was not a prerequisite for filing the instant case, as counsel is admitted to other federal district courts and could have proceeded *pro hac vice*. Therefore, time spent on admission (besides the time one would expend filing a *pro hac vice* motion) is not properly taxed to Defendants.[5]

Starting with counsel's 138.2 hour request, then, it must first be reduced to some extent by the hours spent working on her admission to this Court. Counsel billed 3.4 hours for this endeavor, and I **FIND** .40 hours is a reasonable amount of time for the filing of a *pro hac vice* motion. This initially reduces Plaintiff's request by three hours. As for the time entries that appear excessive, those which are unclear and those which could be duplicative, I **FIND** reducing the request by an additional 33 hours (approximately 25% of the remaining hours) would be appropriate, for a total of 102.2 hours expended. This would result in an award of attorney's fees in the amount of $30,660.00. In addition, Plaintiff's counsel may recover a fee for the time spent preparing the motion which reflects 3% of the fee awarded; in this case, $919.80. *See Auto Alliance Intern., Inc. v. United States Customs Serv.*, 155 F. App'x 226, 229 (6th Cir. 2005). The total award of attorney's fees would therefore be $31,579.80, which I **CONCLUDE** is a reasonable attorney's fee.

---

[5] In the same vein, fees for *pro hac vice* admission are not taxable as costs because "it is the attorney's choice as to where to seek admission and where to practice." *Vistein v. Am. Registry of Radiologic Technologists*, No. 1:05 CV 2441, 2010 WL 918081, at *5 (N.D.Ohio Mar. 10, 2010) (internal quotations and citation omitted); *see also* E.D. Tenn. L.R. 54.1 Commentary.

### III. CONCLUSION

Having carefully reviewed Plaintiff's arguments and material submitted in support of the motion, I **RECOMMEND** that Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded reasonable attorney's fees in the amount of $30,660.00 for 102.2 hours expended at $300 an hour. I further **RECOMMEND** that Plaintiff be awarded an additional 3% fee for the time expended filing the motion, or $919.80, for a total award of attorney's fees in the amount of **$31,579.80**.[6]

                                                                    s/ *Susan K. Lee*
                                                                    SUSAN K. LEE
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).